1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                   **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  JESSE JAMES ISLEY,                      )  Case No.: 1:10-cv-01378 JLT
                                            )
12                    Plaintiff,            )  ORDER TO SHOW CAUSE WHY THE ACTION
                                            )  SHOULD NOT BE DISMISSED
13        v.                                )
                                            )
14  MICHAEL J. ASTRUE,                      )
    Commissioner of Social Security,        )
15                                          )
                      Defendant.            )
16  _____        )

17        Jesse James Isley ("Plaintiff") initiated this action by filing his complaint against the

18  Commissioner of Social Security ("Defendant") on July 30, 2010.  (Doc. 1).  On August 2, 2010, the

19  Court entered its Scheduling Order, setting the applicable deadlines.  (Doc. 7).  Pursuant to the

20  Scheduling Order, the administrative record was lodged on December 7, 2010.  (Doc. 11).  On

21  March 10, 2010, the parties stipulated to an extension of time to for Plaintiff to file his Opening

22  Brief.  (Doc. 12).

23        Plaintiff's counsel, Denise Haley, filed a motion to withdraw as attorney of record, which

24  was granted by the Court on May 11, 2011.  (Docs. 16, 29).  The Court ordered Plaintiff to file his

25  Opening Brief within forty-five days of service of the order, or by June 27, 2011.[1]  (Doc. 19 at 3).

26  To date, Plaintiff has failed to file his Opening Brief, or otherwise respond to the Court's order.

27  _____

28        [1] Plaintiff's Opening Brief was due June 25, 2011.  However, because that date fell on a Saturday, his Opening Brief
    was to be filed no later than June 27, 2011.

                                            1

1  Notably, Plaintiff was advised that failure to comply with the Court's order, the Local Rules, or the

2  Federal Rules may result in dismissal of the action.  *Id.* at 4.

3      The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a

4  party to comply with . . . any order of the Court may be grounds for the imposition by the Court of

5  any and all sanctions . . . within the inherent power of the Court."  LR 110.  "District courts have

6  inherent power to control their dockets," and in exercising that power, a court may impose sanctions

7  including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831

8  (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute

9  an action or failure to obey a court order, or failure to comply with local rules.  *See*, *e.g. Ferdik v.*

10 *Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order

11 requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir.

12 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421,

13 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

14     Accordingly, Plaintiff is ORDERED to show cause within fourteen (14) days of the date of

15 service of this Order why the action should not be dismissed for his failure to prosecute or to follow

16 the Court's Order.

17

18 IT IS SO ORDERED.

19 Dated:   **June 29, 2011**                              **/s/ Jennifer L. Thurston**
                                                            UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28