IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE JAMES ISLEY,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No.: 1:10-cv-01378 JLT<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT<br><br>ORDER DIRECTING THE CLERK TO CLOSE THIS MATTER |

Jesse James Isley ("Plaintiff") initiated this action by filing his complaint against the Commissioner of Social Security ("Defendant") on July 30, 2010. (Doc. 1). For the following reasons, Plaintiff's complaint is **DISMISSED**.

**I.  Procedural History**

On August 2, 2010, the Court entered its Scheduling Order, setting the applicable deadlines. (Doc. 7). Pursuant to the Scheduling Order, the administrative record was lodged on December 7, 2010. (Doc. 11). On March 10, 2010, the parties stipulated to an extension of time to for Plaintiff to file his Opening Brief. (Doc. 12).

Plaintiff's counsel filed a motion to withdraw as attorney of record, which was granted by the Court on May 11, 2011. (Docs. 16, 29). The Court ordered Plaintiff, appearing in propria persona, to file his Opening Brief within forty-five days of service of the order, or by June 27, 2011. (Doc. 19 at 3). Plaintiff was advised that failure to comply with the Court's order, the Local Rules, or the

Federal Rules may result in dismissal of the action. *Id.* at 4. However, Plaintiff failed to file his Opening Brief or otherwise respond to the Court's order, and the Court issued an Order to Show Cause why the matter should not be dismissed on June 29, 2011. (Doc. 20). On August 1, 2011, the Court's Order was returned by the U.S. Postal Service as undeliverable to Plaintiff, with the following notation: "Moved/Left No Address/Unable to Forward/ Return to Sender."

## II. Local Rules Requirements

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of his current address: "If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." LR 183(b). In addition, the Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110.

## III. Discussion and Analysis

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9 th Cir. 2995) (dismissal for failure to comply with local rules); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for failure to prosecute, failure to obey a court order, or failure to comply with the Local Rules, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its

docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The risk of prejudice to the defendant also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The Court will not, and cannot, hold the case in abeyance based upon Plaintiff's failure to prosecute or notify the Court of a change in address. Further, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.

On May 11, 2011, the Court warned Plaintiff "<u>failure to comply with the Local Rules, Federal Rules, or a Court Order, including this Order, may result in dismissal of this action pursuant to Local Rule 110</u>." (Doc. 19 at 4) (emphasis in original). Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order, and this satisfies the requirement that the Court consider less drastic measures than dismissal of the action. *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424. Moreover, no lesser sanction is feasible given the Court's inability to communicate with Plaintiff.

**IV.   Conclusion and Order**

Plaintiff has failed to prosecute his case, comply with the Court's orders, and follow the requirements of the Local Rules in this action. As set forth above, the factors set forth by the Ninth Circuit weigh in favor of dismissal of the matter.

Accordingly, **IT IS HEREBY ORDERED**:

1. This action is **DISMISSED WITH PREJUDICE**; and
2. The Clerk of Court **IS DIRECTED** to close this action because this order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **October 3, 2011**                                        **/s/ Jennifer L. Thurston**
                                                                                  UNITED STATES MAGISTRATE JUDGE